**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katy Ann Whittaker,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-20-00409-TUC-RM<br><br>**ORDER** |

On December 8, 2021, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") recommending that this Court reverse the final decision of the Commissioner of Social Security ("Commissioner") because the Administrative Law Judge's ("ALJ") evaluation of Plaintiff Katy Ann Whittaker's residual functional capacity ("RFC") was not supported by substantial evidence. (Doc. 29.) The Commissioner filed an Objection (Doc. 31), to which Plaintiff responded (Doc. 32). For the following reasons, the Court will adopt the R&R and overrule the Commissioner's Objection.

**I.    Background**

On August 31, 2017, Whittaker filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income. (Doc. 20-3 at 14.) She alleged disability beginning on May 28, 2017, due to liver disease, fibromyalgia,

chronic fatigue, diabetes, degenerative disc disease, high cholesterol, depression, and obesity. (Doc. 20-3 at 14; Doc. 20-7 at 16.) Whittaker's applications were denied initially and upon reconsideration. (Doc. 20-3 at 14.) She requested review and appeared with counsel at a hearing before ALJ Laura Speck Havens on July 11, 2019. (Doc. 20-3 at 33.)

In her September 26, 2019 decision, the ALJ found that Whittaker suffers from the following severe impairments: fibromyalgia, diabetes, degenerative disc disease, obesity, asthma, and migraine headaches. (Doc. 20-3 at 16.) However, the ALJ found that Whittaker was not disabled because she could perform her past relevant work as a customer complaint clerk. (Doc. 20-3 at 25.) This finding was based in part on the testimony of vocational expert Jose L. Chaparro, who opined at the hearing that a person with Whittaker's RFC could perform the job of a customer complaint clerk. (Doc. 20-3 at 25-26.) The vocational expert further testified, and the ALJ found, that jobs exist in the national economy that Whittaker could perform considering her age, education, work experience, and RFC – Cashier II, Marker, and Sales Attendant. (Doc. 20-3 at 26.)

The ALJ's analysis regarding Whittaker's RFC states that she

> has the residual functional capacity to perform light work . . . except the claimant can sit 6 hours out of an 8-hour day, stand 6 hours out of an 8-hour day, and walk 6 hours out of an 8-hour day. The claimant can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. She can occasionally climb stairs and ladders, kneel, crouch, and crawl and frequently balance and stoop. The claimant can have only occasional exposure to heights, moving machinery, humidity, temperature extremes, dust, fumes, and smoke.

(Doc. 20-3 at 21.) In determining Whittaker's RFC, the ALJ reviewed her medical record, including the May 2018 magnetic resonance imaging ("MRI") of her lumbar spine and the June 2018 MRI of her cervical spine. (Doc. 20-3 at 22.) The ALJ found the prior administrative medical findings of Carol Hutchinson, D.O., persuasive and consistent with the medical record. (Doc. 20-3 at 24.) Dr. Hutchinson found that Whittaker could "perform light work with occasional postural maneuvers except frequent balancing and stooping and avoid concentrated exposure to extreme heat, humidity,

pulmonary irritants, and hazards." In concluding that Hutchinson's assessment was consistent with the medical record, the ALJ did not consider the fact that Hutchinson completed her assessment in February 2018, while Whittaker's MRIs took place in May and June 2018. (Doc. 20-3 at 24.) The ALJ rejected the medical findings of Nora Saul, FNP,[1] Whittaker's treating medical professional, concluding that her findings were not consistent with the medical record. (Doc. 20-3 at 24.) The ALJ also discounted Whittaker's testimony that she experienced severe back pain that impacted her ability to function mentally and physically, concluding that the testimony was "not entirely consistent with the medical evidence and other evidence in the record." (Doc. 20-3 at 21-22.)

On July 29, 2020, the Appeals Council denied review, making the decision of the ALJ the final decision of the Commissioner. (Doc. 20-3 at 2.) Whittaker then filed this action. (Doc. 1.)

Magistrate Judge Bowman issued an R&R on December 8, 2021, finding that the ALJ erred in determining Whittaker's RFC by failing to base her evaluation on substantial evidence. (Doc. 29.) The R&R found the ALJ's determination of Whittaker's RFC not based on substantial evidence because Hutchinson's assessment of Whittaker, on which the ALJ primarily relied in determining RFC, occurred before the objective medical evidence—the MRIs—of Whittaker's degenerative disc disease was available. (Doc. 29 at 8.) The R&R further concluded that the ALJ had impermissibly substituted her own opinion for the opinions of medical providers when, in reviewing the MRI results, she found that Whittaker's "allegation of disabling back pain was inconsistent with medical records indicating normal gait, clear lungs, and conservative treatment." (*See* Doc. 20-3 at 23-24; Doc. 29 at 8.) Thus, the R&R concluded that the ALJ's reliance on Hutchinson's assessment, conducted without the benefit of objective medical evidence in the form of MRIs, combined with the ALJ's own evaluation of the MRI results not

---

[1] Saul found that Whittaker "could sit for seven hours and stand/walk none, needed to shift positions every 20 minutes, had manipulative limitations, needed 4 additional breaks, and would miss 3-4 days [of work] per month." (Doc. 20-3 at 24.)

based on a medical provider's opinion, resulted in a disability determination that was not supported by substantial evidence. The R&R recommended reversal on this basis. (Doc. 29 at 7-8.)

Defendant filed an objection to the R&R, contending that substantial evidence supports the ALJ's findings because the ALJ correctly based her decision on a variety of available evidence, not just Hutchinson's administrative medical findings. (Doc. 31.) Defendant points to multiple pieces of evidence that the ALJ considered, including the MRI results, "normal" examination results from Whittaker's primary care physician, Whittaker's own statements that her pain medications kept her pain manageable, and records from Whittaker's emergency room visits documenting that "she had full range of motion, her muscles and reflexes were normal, and she had a normal gait." (*Id*.) Defendant acknowledges that the ALJ did find Hutchinson's medical findings persuasive, consistent with the medical record, and supported by objective medical evidence, but maintains that because Hutchinson's findings were not the only basis for the ALJ's RFC determination, substantial evidence supported the RFC determination and thus it should be upheld. (*Id*.)

In response, Plaintiff maintains that the R&R was correct in concluding that the ALJ's adoption of Hutchinson's medical opinion—which was not based on a complete medical record—renders the RFC determination unsupported by substantial evidence. (Doc. 32.)

**II.     Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.*  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a

magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court must affirm the Commissioner's decision if the decision "is supported by substantial evidence and based on the application of correct legal standards." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It "is more than a mere scintilla but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation omitted). When evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision," this Court must uphold the ALJ's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she] did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (internal quotation omitted).

Error in a social security determination is subject to harmless-error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted), *superseded by regulation on other grounds*. The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* An error that is "inconsequential to the ultimate

nondisability determination" is harmless. *Id.* (internal quotation omitted).

## III. Applicable Law

At the first step of the five-step sequential evaluation process, the ALJ must determine if a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At the second step, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted or is expected to last for a continuous period of at least 12 months; if not, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *see also* 20 C.F.R. §§ 404.1509, 416.909. At the third step, the ALJ must determine if the claimant's impairment(s) meets or equals that of a listed impairment; if so, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the ALJ must determine whether, based on the claimant's residual functional capacity, the claimant can perform his or her past relevant work; if so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform any past relevant work, then the ALJ moves to the fifth step to determine whether, based on the claimant's residual functional capacity, age, education, and work experience, the claimant can make an adjustment to other work; if so, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

The ALJ determines RFC. 20 C.F.R. § 404.1546(c); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[i]t is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity"). It is not based on a medical opinion but is instead based on "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).

A claimant's statements about her pain or other symptoms will not alone establish disability; "[t]here must be objective medical evidence from an acceptable medical source that shows" the claimant has a medical impairment or impairments that "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. §

404.1529(a). The existence of such an impairment must be shown by "[m]edical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques . . . ." *Id.* § 404.1529(b). But once a claimant has shown that she has a medically determinable impairment or impairments that could reasonably be expected to produce her pain or other symptoms, her "statements about the intensity and persistence" of her pain or other symptoms cannot be rejected "solely because the available objective medical evidence does not substantiate" them. 20 C.F.R. § 404.1529(c)(2). In evaluating the intensity and persistence of a claimant's symptoms, an ALJ must consider all the available evidence from the claimant's "medical sources and nonmedical sources about how [the claimant's] symptoms affect [her]." *Id.* § 404.1529(c)(1).

For claims filed on or after March 27, 2017, medical opinions must be evaluated pursuant to 20 C.F.R. § 404.1520c(c) based on factors including supportability, consistency, relationship with the claimant, and specialization. Medical opinions are more persuasive if they are supported by explanations and objective medical evidence, 20 C.F.R. § 404.1520c(c)(1), and if they are consistent with the evidence from other medical and nonmedical sources, *id.* § 404.1520c(c)(2). Furthermore, the medical opinion of a specialist "about medical issues related to his or her area of specialty" is more persuasive than that of a non-specialist. *Id.* § 404.1520c(c)(4). The purpose, length, and extent of a medical source's treatment relationship with the claimant, the kinds and extent of examinations and testing performed, and the frequency of the claimant's visits, may also demonstrate a medical source's knowledge and understanding of the claimant's impairments. *Id.* § 404.1520c(c)(3)(i)-(v). In addition, a medical source's familiarity with other evidence in a claim may make the medical source's opinion more persuasive. *Id.* § 404.1520c(c)(5).

### IV.   Analysis

As the R&R notes, the ALJ adopted the RFC assessment of Dr. Hutchinson; however, that assessment was completed prior to Whittaker's spinal MRIs. (*See* Doc. 20-

3 at 22, 24; Doc. 20-13 at 43-44.) The MRI results showed evidence of moderate to severe degenerative disc disease and chronic radiculopathy. (*See* Doc. 20-3 at 22; Doc. 20-13 at 43-44.) Dr. Hutchinson's medical assessment specifically finds no evidence of radiculopathy and no severe degenerative disc disease. (*See* Doc. 20-4 at 31.) Accordingly, Dr. Hutchinson's medical assessment is inconsistent with the objective medical evidence present in Whittaker's MRIs. Of the factors set forth in 20 C.F.R. § 404.1520c(c) for evaluating medical opinions, supportability and consistency with medical evidence are the most important. *See* 20 C.F.R. § 404.1520c(b)(2). Because Dr. Hutchinson's assessment regarding Whittaker's spinal conditions is both inconsistent with and unsupported by the results of Whittaker's spinal MRIs, the Court agrees with the R&R's conclusion that the ALJ's evaluation of Dr. Hutchinson's medical assessment is not supported by substantial evidence.

In determining Whittaker's RFC, the ALJ rejected the medical findings of Nora Saul, FNP, Whittaker's treating medical professional, concluding that her findings were inconsistent with the medical record. (Doc. 20-3 at 24.) Saul found that Whittaker "could sit for seven hours and stand/walk none, needed to shift positions every 20 minutes, had manipulative limitations, needed 4 additional breaks, and would miss 3-4 days [of work] per month." (Doc. 20-3 at 24.) The ALJ found this assessment inconsistent with the medical record evidence showing Whittaker's "generally normal physical findings" and thus rejected it. (*Id.*) However, the ALJ did not consider the fact that, unlike Dr. Hutchinson, Saul completed her assessment after Plaintiff's MRIs. Nor did the ALJ consider the extent to which Saul's assessment was consistent with the MRI results showing Whittaker's serious spinal conditions, which provide objective medical evidence that could support Saul's assessment. The ALJ's decision to credit Dr. Hutchinson's assessment over the assessment of FNP Saul is not supported by substantial evidence.

In determining Whittaker's RFC, the ALJ discounted Whittaker's testimony about the severity of her symptoms. (Doc. 20-3 at 21-22.) Whittaker testified that her severe back pain affected her physical and mental abilities and functions. (Doc. 20-3 at 21.) The

ALJ found that Whittaker's medically determinable impairments could reasonably be expected to cause her alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (Doc. 20-3 at 22.) As the R&R notes, the ALJ then reviewed Whittaker's MRI studies herself and found Whittaker's allegations of disabling back pain inconsistent with the medical records. (Doc. 20-3 at 21-23; Doc. 29 at 7-8.) However, the ALJ "is not a medical doctor and cannot calculate an RFC directly from the raw medical record." (Doc. 29 at 8.)

For these reasons, the Court concludes that the ALJ's RFC determination was not supported by substantial evidence and will reverse and remand for further proceedings.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 29) is **adopted**, as set forth herein.

**IT IS FURTHER ORDERED** that the Commissioner's Objection (Doc. 31) is **overruled**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **reversed**, and this case is **remanded** to the agency for a further determination of whether benefits are due, including re-evaluation of Whittaker's residual functional capacity and the opinions of Dr. Hutchinson and FNP Saul.

Dated this 13th day of April, 2022.

_____
Honorable Rosemary Márquez
United States District Judge